The opinion of the court was delivered by
Tilghman, C. J.
This case depends on the will of John Abbott deceased, who being seised in fee, of certain lands and rents, devised them to. his son Thomas, (father of the plaintiff,) for the term of his natural life, and directed, that “ after the decease of his said son the said land and rents should be equally divided to and amongst all the lawful issue of the said Thomas, or their legal representatives, share and share alike, and to their heirs and assigns for ever.” — At the date of the will, and at the death of the testator, his son Thomas had two children, and after the testator’s .death he had four children more, all of whom are living and plaintiffs in this suit. After the death of the testator, his son Thomas who is still living, entered on the land devised to him for life, suffered a common recovery to the use of himself in fee, and then sold and conveyed to Leiois Jenkins, the defendant.
Two questions are presented — 1st. Was the estate devised to the issue of Thomas, vested, or contingent? 2d. If contingent, was it barred by the common recovery suffered by their father ?
I have said that there are two questions — there was indeed a third point made, viz. that Thomas Abbott took an estate tail, in the land devised to him — but there is no ground for this argument. Because the devise to him was expressly for life, and the remainder was limited to all his issue, not successively, and to the heirs of their bodies, but to take, all, at the same time, equally, and in fee simple. An express estate for life is never enlarged to an inheritance, but for the purpose of effectuating the general interest of the testator. But, to enlarge it in this instance to an estate tail, would be in direct opposition to the intent of the testator.
1. Whether the estate was vested or contingent, will depend on the intent of the testator. For there is no rule of law, which would prevent the remainder in fee, after the death of Thomas Abbott, from vesting immediately after the death of the testator, in the two children of Thomas who were then living, and afterwards opening for the purpose of letting in the other children at the time of their respective births. — If the testator had said, that after the *299 ■death of Thomas, the land should be equally divided among all his issue and their heirs and assigns, without any other words, I should have thought that the remainder limited to the children, was vested, but not to come into possession until their father’s death. But he has added other words, which make the difficulty — the estate is to be divided among all the issue or their legal representatives, and their heirs and assigns. In construing the will, the words or their legal representatives are not to be rejected, unless they appear plainly to be insignificant, or surplusage. But that is not the case. These words indicate an intent, that the death of Thomas was the time at which the remainder should vest in the children, and that it should vest in those only who were then living, and the children of such as’-were dead. The testator does not appear to have intended that a child of Thomas who might happen to die, during the life of his father,' without issue, should have power to aliene his share, which he would have had, if the remainder had ’ been vested. It has been objected, that if the representatives (or children) of a deceased child, took by purchase, then they must, take per capita, and come in each, for an equal share with the children of Thomas Mbott, which never cpuld have been the intent of the testator. If such were the consequence, it would be a strange argument in favour of a vested remainder, but I take the intent of the testator, to be deduced from a comparison of this devise with other parts of his will, to have been, that if any child, of Thomas died in his father’s life time, leaving issue more than one child, such issue should take among them the share which their parent, if living, would have taken, and no more. What satisfies me of this intent, is, that in a preceding part of the will, the testator devised certain land to his son Edward for life, and after his death “ to all his lawful issue, share and share alike,” after which he thus expresses himself; u and should it happen that any of the children of my said son Edward should die before him, leaving lawful issue, then it is my will, that the said issue inherit the share of their parent so deceased, to them and their heirs for ever.” Immediately after, follows, a devise to Edward of certáin ground rents, for life, u and at his decease to be equally divided amongst his lawful issue and their legal representatives.” Now it cannot be doubted, that the testator intended to give to the children of his son Thomas, the same estate in the rents, which he had given them in the lands. Hence it appears, that by the words legal representatives was meant children, and those children were to take the share of their deceased parent. It had been so explained by the testator in his devise of the land, and he did not think it necessary to repeat the same words. This furnishes a key to the devise to Thomas, which follows directly after that to Edward. The words legal representatives must have the same construction in both devises, and then it will be clear, that the remainder after the life estate of Thomas, was not intended to be vested, till his death. The estate was then *300 to be divided between, the children who should be living, and the representatives (or children) of those who should be dead, provided that the children of a deceased child, should not take among them, more than the share which their parent would have taken, if living. This was a very natural intention, and a very just disposition of the estate. For, as to the defeating of the contingent remainder, by a common recovery, it was what never entered into the head of the testator. If no recovery had been suffered, this estate would have been divided among the posterity of the testator, with as much equity as he could have desired. And I confess that I have felt a strong inclination in favour of a vested remainder, in order to preserve the estate to the children. Bui our duty is to construe the will,- and not to make it. We have no right to reject words, because they lead to inconvenient consequences. The inconvenience here, however, does not arise from the will, but from the act of the testator’s son Thomas, to the prejudice of his own children. If he had suffered the will of his father to take complete effect, all would have been well. What his reasons were for suffering the common recovery, I know not, nor is it proper^ at present to inquire into them.
2. As to the second point, it is sufficient to say, that it was decided by this court in the case of Lyle v. Hamilton, that the suffering of a common recovery is a forfeiture of an estate for life. Consequently, the remainders devised to the children of Thomas JLhbott, which remained in contingency during his life, fell for want of support, the moment the life estate was forfeited. The plaintiffs therefore have no title, and the judgment for the defendant must be affirmed.
Judgment affirmed.